UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

Y&S MARINE, INC.                                     CIVIL ACTION

VERSUS                                               NO. 11-1425

TRAVIS MAZA                                          SECTION "A" (3)

### ORDER

On September 21, 2011, Y&S Marine, Inc.'s Motion to Compel Travis Maza to Attend an Independent Medical Examination [Doc. #14] came on for oral hearing before the undersigned. Present were Jason Kenney on behalf of plaintiff and Michael Sistrunk on behalf of defendant. Following the oral hearing, the Court took the motion under advisement. Having reviewed the motion, the opposition, the case law and the parties' arguments, the Court rules as follows.

### I.     Background

The complaint and pleadings allege as follows. Y&S employed Travis Maza ("Maza" or "plaintiff") as a deckhand on the M/V Titus, a vessel owned and operated by Y&S. In February 2011, Maza was injured when lifting either a trash can lid or a garbage bag. Maza felt a twist and heard a pop, ultimately experiencing low back pain. He reported the injury to his supervisor and was removed from the vessel for medical treatment.

Maza was originally treated at West Jefferson Industrial Medicine where he was diagnosed

with a back strain and released to duty, as tolerated. Maza returned home. Four days later, he presented at the St. Francis Medical Center Emergency Room ("St. Francis"), complaining of low back pain. After an X-ray and CT of his lumbar spine, Maza was diagnosed with back pain, lumbar strain and disc herniation.

Maza informed Y&S that he needed to see a spine specialist. Pursuant to its cure obligation, Y&S sent Maza to Dr. Brian Bulloch, an orthopedic surgeon. Bulloch ultimately expressed doubts that Maza undergo a spinal decompressive procedure, opining that a fusion technique was a severe undertaking for such a young man and "may limit his abilities to perform activities in the future significantly." Bulloch also opined that Maza should avoid narcotics.

Four days after learning that he was not a surgical candidate and having been refused narcotic pain medication, Maza presented at St. Francis for a second time. Maza stated that he had received a steroid injection but that his pain was returning. Maza received a prescription for Lortab, a narcotic pain medication. Maza then retained counsel and began to see Dr. Douglas Brown instead of Bulloch. Brown recommend a two-level lumbar decompression and fusion at Maza's initial visit.

**II.     The Parties' Contentions**

    **A.     Plaintiff**

Given Maza's second visit to the St. Francis emergency room and the differing opinions of Bulloch and Brown, Y&S asked Maza to attend an IME with Dr. Everett Robert. Counsel for Maza refused Y&S's request on three separate occasions – even after Y&S sought a declaratory judgment – on the ground that Maza's examination with Bulloch constituted Y&S's IME.

Because Maza filed a counterclaim that asserts a claim for personal injury, Y&S argues that Maza's physical condition is in controversy. Y&S contends that Maza's two experts – Bulloch and

2

Brown – expressed contradictory opinions, and Y&S is thus entitled to reconcile the opinions through an IME by its own expert. Y&S also maintains that it is entitled to an IME because Maza's physical condition is an important component of his damages.

Y&S contends that absent an IME by its own expert, it will be prejudiced to the extent that it will have no such evidence to present at trial. Neither will it be able to evaluate Maza's pre-accident condition (after an earlier incident that Maza allegedly failed to report on his employment form) or whether additional conservative measures will alleviate Maza's pain. Y&S contends that there is a potential defense available here under *McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547 (5th Cir. 1968), that is heavily dependent on Maza's pre-surgical back condition. Y&S notes that it does not seek to force Maza to undergo invasive testing so he will suffer no prejudice in merely attending another doctor's appointment. Any inconvenience alleged by Maza is outweighed by the $1.6 million that he seeks in damages.

Maza argues that Bulloch's examination did not constitute an IME because it sent Maza to Bulloch pursuant to its cure obligation. Y&S alleges that Bulloch treated Maza for approximately two months and that Maza only discontinued treatment with Bulloch when Bulloch refused him narcotic medication and declared him unfit to be a surgical candidate. Y&S contends that it did not choose Bulloch for an IME but arranged treatment with him for Maza's alleged back condition. Citing *Atkinson v. Warrior Energy Services Corp.*, Civ. A. No. 09-7769, 2010 WL 4067623 (E.D. La. Oct. 15, 2010), Y&S maintains that this Court has held that a Jones Act employer is entitled to an IME despite the fact that the employer had paid for and arranged treatment for the injured seaman under its cure obligation.

**B.     Defendant Maza**

Maza argues that Y&S bears the burden to demonstrate that the evaluation that it obtained from Bulloch is insufficient and that there is a legitimate reason for the need for a second physician of Y&S's choosing.  Maza contends that Y&S has no right to two physicians against his one expert physician.

Maza attempts to distinguish the case law on which Y&S relies.  Maza contends that *Atkinson* is distinguishable because there, the plaintiff had a local doctor who could easily appear at trial.  In addition, two of the *Atkinson* defendants had never chosen a physician to examine the plaintiff.  Thus, Maza argues, *Atkinson* is inapposite.

**III.    Law and Analysis**

Rule 35(a) of the Federal Rules of Civil Procedure provides that "[w]hen the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner. . . . The order may be made only on motion for good cause shown." Fed. R. Civ. P. 35(a). Thus, there is a two-part test for determining whether the motion will be granted. First, the physical or mental state of the party must be in controversy. Second, the moving party must show good cause as to why the motion should be granted.  *Schlagenhauf v. Holder*, 379 U.S. 104 (1964).  Rule 35(a) is generally construed liberally in favor of granting discovery.  *See Lahr v. Fulbright & Jaworski*, L.L.P., 164 F.R.D. 204, 207 n. 1 (N.D. Tex. 1996) (observing that Rule 35(a) should be interpreted liberally to further discovery).

Here, there is no question that Maza's physical state is in controversy.  And the Court now finds that plaintiff has shown good cause for the IME at its behest.  Simply because Y&S sent

plaintiff to Bulloch to satisfy its cure obligation before litigation had even begun does not mean that an IME has ever occurred in this suit. In *McClanahan v. Transocean Offshore International Ventures Ltd.*, the court noted:

> As Transocean points out, no independent medical examination of McClanahan has been conducted as of yet. The only medical opinions that have been rendered regarding the impact of McClanahan's injury are those of Dr. Brown and Dr. George, both of whom are McClanahan's treating physicians and neither of whom were requested by Transocean to perform an IME, and Dr. Henderson, who was enlisted by McClanahan. All Jones Act employers have an obligation to pay for the injured seaman's cure, and McClanahan has provided no authority depriving such employers of independent medical examinations on grounds that they selected and/or paid for a seaman's treating physicians.

Civ. A. No. 05-2099, 2006 WL 2989243, at *2 (E.D. La. Oct. 19, 2006); *see also Thompson v. Norman Offshore Pipelines, Inc.*, Civ. A. No. 95-172, 1995 WL 562300 (E.D. La. Sept. 20, 1995) (ordering plaintiff to submit to IME even though defendant had sent him to a physician after plaintiff's accident).

The Court also finds instructive the reasoning in *Evans v. Noble Drilling Corp.*, Civ. A. No. G-06-599, 2007 WL 2818001 (S.D. Tex. Sept. 25, 2007). In *Evans*, after the plaintiff suffered his accident, the defendant "[p]ursuant to [its] obligation to provide cure as Plaintiff's Jones Act employer," sent the plaintiff to four treating physicians. *Id.* at *1.[1] The *Evans* plaintiff ultimately came under the care of a Dr. Mark Henry, who operated on him. *Id.* The court also noted that "[a]lthough Defendant arranged and paid for much of Plaintiff's prior medical treatment, Defendant has not yet requested, and Plaintiff has not yet undergone, a Rule 35(a) independent medical examination *in relation to this litigation*." *Id.* (emphasis added). The *Evans* plaintiff argued that

---

[1] This Order shall not be construed in any way as finding, *inter alia*, that plaintiff is a seaman or that the Jones Act even applies in this suit. That is a merits-based determination for the District Court. This Court concerns itself here with only the motion to compel the IME.

5

because defendant allowed Dr. Henry to treat him for his injuries, Dr. Henry's examination should suffice as an IME. *Id.*

> Relying heavily on *McClanahan*, the court rejected the plaintiff's argument:
>
> As Defendant points out, arguments similar to those asserted by Plaintiff have been put before district courts in the Fifth Circuit and rejected. In *McClanahan v. Transocean Offshore Int'l Ventures, Ltd.*, the plaintiff argued that the defendant failed to show good cause supporting an independent medical examination. 2006 WL 2989243 at *2 (W.D. La. Oct 19, 2006). The crux of the plaintiff's argument was that the defendant could look to the medical examinations already conducted by the plaintiff's treating physicians, which, like in this case, were provided by the defendant under its obligation to proffer cure as plaintiff's Jones Act employer. *Id.* The court observed [that] "[a]ll Jones Act employers have an obligation to pay for the injured seaman's cure, and [the plaintiff] has provided no authority depriving such employers of independent medical examinations on grounds that they selected and/or paid for a seaman's treating physicians." *Id.* Similarly, the Plaintiff here has not provided authority, and the Court is not aware of any, explicitly denying Jones Act employers independent medical examinations on the grounds that they chose and/or paid for their employees' treating physicians. While the Western District of Louisiana's opinion is certainly not binding authority, this Court finds its reasoning sound and persuasive.

*Id.* at *2. This Court agrees with the reasoning underlying the opinions of the *McClanahan* and the *Evans* courts. There is no evidence before this Court that Y&S has ever requested an IME under Rule 35 in relation to this litigation. Bulloch's treatment here occurred before litigation began as part of Y&S's cure obligation, not to undergo an IME.

This Court notes that the *McClanahan* court relied on discrepancies in the medical records to hold as it did. The allegations in the pleadings reveal that the opinions of Bulloch and Brown differ significantly. While Brown, plaintiff's chosen physician, has recommended plaintiff as a surgical candidate, Bulloch has recommended that he not undergo surgery given his young age. These differing opinions weigh in favor of a proper IME requested by Y&S.

Plaintiff relies heavily on this Court's opinion in *Atkinson v. Warrior Energy Corporation*,

an opinion in which this Court granted a motion to compel an IME and finding that the plaintiff's earlier treatment by physicians of defendants' choosing and paid for by defendants did not constitute an IME. 2010 WL 4067623, *3 (E.D. La. Oct. 15, 2010). Maza attempts to distinguish *Atkinson* by arguing that there, this Court compelled the IME based on the performance of the IME by a local doctor and that two separate defendants had never chosen a physician for an IME or directed the plaintiff's earlier medical treatment.

While the Court recognizes that the above factors weighed in favor of compelling the IME in *Atkinson*, such factors are not controlling to the Court's finding here. In *Evans*, for example, the opinion on which this Court heavily relied in *Atkinson*, only one defendant existed – as is the case here. 2007 WL 2818001, *1. The crux underlying this Court's opinion in *Atkinson* and the *Evans* court's opinion is that a defendant who sends a plaintiff to earlier physicians as part of its cure obligation and not to perform an IME in relation to that litigation is later entitled to an IME under Rule 35. Were the Court to hold otherwise, a defendant would be placed in a precarious position: To preserve its right to later retain a physician to perform an IME, a defendant would have to refuse to satisfy its cure obligation, thus potentially subjecting itself to a later claim by plaintiff that it knowingly refused to satisfy such an obligation. Maza's attempt to distinguish *Atkinson* thus fails.

While the Court expressed concern that defendant seeks an IME from a neurosurgeon, Dr. Everett Robert, and two orthopedic surgeons provided the two earlier diagnoses, the Court finds that its concern is unwarranted. In *Evans*, the plaintiff ultimately came under the care of Dr. Henry, an orthopedic surgeon, but the defendant moved for an IME with Dr. David B. Rosenfeld, a qualified medical expert in the field of neurology and clinical neurophysiology. *Id.* at *1. It is well-known to this Court that both orthopedic surgeons and neurosurgeons treat back injuries on a regular basis.

However, the Court reminds defendant that discovery in this lawsuit is in its infancy, and the discovery deadline is not until May 22, 2012. Should defendant proceed with the IME by Dr. Robert, defendant must be aware that it will have then sought and received an IME in this lawsuit. Should circumstances change down the road, the Court brings to defendant's attention that it has in the past been reticent to grant a second IME unless a party meets the stringent requirements under the case law to receive one.

## IV.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Y&S Marine, Inc.'s Motion to Compel Travis Maza to Attend an Independent Medical Examination [Doc. #14] is GRANTED.

New Orleans, Louisiana, this 11th of October, 2011.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**