```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

Y & S MARINE, INC.                      CIVIL ACTION

VERSUS                                  NO: 11-1425

TRAVIS MAZA                             SECTION: "A" (3)
```

## ORDER AND REASONS

Before the Court is an **Objection to Magistrate's Ruling to Compel Second Medical Examination (Rec. Doc. 21)** filed by Defendant Travis Maza.  Plaintiff Y & S Marine has filed a response **(Rec. Doc. 24)** in opposition to the motion.  The motion, scheduled for submission on November 9, 2011, is before the Court on the briefs without oral argument.[1]  Because the Magistrate Judge's decision was not clearly erroneous or contrary to the law, the Court DENIES defendant's motion and AFFIRMS the Magistrate Judge's ruling.

**I. Background**

Y & S employed Maza as a deckhand on a vessel owned and operated by Y & S.  In February 2011, Maza was injured when lifting either a trash can lid or a garbage bag. Maza felt a twist and heard a pop, ultimately experiencing low back pain.

As part of Y & S' duty to provide maintenance and cure, it immediately began paying for and arranging treatment for Maza's alleged injuries, including treatment by spine specialist Dr. Brian Bulloch.  According to Y & S, Maza saw Dr. Bulloch for the sole and

---

[1]   Defendant has requested oral argument.  However, in light of the issues presented, the Court is not persuaded that oral argument would be useful in ruling on this motion.

solitary purpose of obtaining ongoing treatment for his alleged injury.  Therefore, Y & S asserts, Maza's examinations by Dr. Bulloch do not qualify as a Rule 35(a) independent medical examination.  Maza argues that the fact that Y & S arranged for and paid for treatment with Dr. Bulloch means that Dr. Bulloch's examination qualifies as Y & S' independent medical examination.

Maza asks the Court to overturn the Magistrate Judge's order granting Y & S' **Motion to Compel Travis Maza to Attend an Independent Medical Examination (Rec. Doc. 14)**.  The Magistrate Judge found that Maza's physical state was in controversy and that good cause existed to compel Maza to undergo an independent medical examination.

## II. Standard of Review

The standard under which a district court reviews the decision of a Magistrate Judge varies depending upon the type of decision rendered. For orders relating to "nondispositive" matters, a district court reviews the Magistrate Judge's decision under a "clearly erroneous or contrary to law" standard. See 28 U.S.C. § 636(b)(1)(A); Fed.R.Crim.P. 59(a).

For recommendations relating to "dispositive" matters, the district court must review the magistrate's decision *de novo*. Fed.R.Crim.P. 59(b). Discovery-related motions fall within the first category of nondispositive matters. See *FDIC v. LeGrand*, 43 F.3 163, 167 (5th Cir.1995) (explaining that "the discovery motions in this case are the types of nondispositive discovery motions specifically authorized for pretrial determination by a magistrate"). Accordingly, the Court reviews the Magistrate Judge's decision here

under the "clearly erroneous or contrary to law" standard.

**III.     Discussion**

Rule 35(a) of the Federal Rules of Civil Procedure provides that "[w]hen the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner. . . . The order may be made only on motion for good cause shown." Fed. R. Civ. P. 35(a).  Thus, there is a two-part test for determining whether the motion will be granted.  First, the physical or mental state of the party must be in controversy. Second, the moving party must show good cause as to why the motion should be granted. *Schlagenhauf v. Holder*, 379 U.S. 104 (1964). Rule 35(a) is generally construed liberally in favor of granting discovery. See *Lahr v. Fulbright & Jaworski*, *L.L.P.*, 164 F.R.D. 204, 207 n. 1 (N.D. Tex. 1996) (observing that Rule 35(a) should be interpreted liberally to further discovery).

The Court agrees with the Magistrate Judge's finding that Maza's physical state is in controversy, and further agrees that Y & S has shown good cause why Maza should be compelled to undergo an independent medical examination.  The Magistrate cited governing case law in which the court ordered a plaintiff to submit to an independent medical examination even though the defendant had already sent the plaintiff to a physician after his accident. *Thompson v. Norman Offshore Pipelines, Inc.*, Civ. A. No. 95-172, 1995 WL 562300 (E.D. La. Sept. 20, 1995); See also *McClanahan v. Transocean Offshore International Ventures Ltd.*, Civ. A. No. 05-2099, 2006 WL 2989243, at *2 (E.D. La. Oct. 19, 2006).

The Court affirms the Magistrate Judge's decision that Y & S, as a Jones Act employer, is entitled to an independent medical examination that is separate from its obligation to provide a treating physician for the seaman's cure.  The Magistrate's order is consistent with Rule 35(a) of the Federal Rules of Civil Procedure and governing case law.

Defendant's **Objection to Magistrate's Ruling to Compel Second Medical Examination (Rec. Doc. 21)** is hereby **DENIED**.

November 15, 2011.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE